**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21533-CIV-ALTONAGA**

**JULIO CESAR GARCIA-MACHUAT**,

      Petitioner,

v.

**GARRETT RIPA**, *et al.*,

      Respondents.

_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On March 16, 2026, Petitioner Julio Cesar Garcia-Machuat filed his Second Amended Verified Petition for Writ of Habeas Corpus [ECF No. 6], challenging his detention at the Broward Transitional Center in Pompano Beach, Florida. (*See generally id.*). Respondents filed a Response [ECF No. 8]; to which Petitioner filed a Reply [ECF No. 10].

Upon review of the parties' filings, the Court has determined it would benefit from supplemental briefing. Respondents contend Petitioner is in expedited removal proceedings under 8 U.S.C. section 1225(b)(1). (*See generally* Response). As a result, they argue the Court's jurisdiction is significantly limited, and Petitioner is subject to mandatory detention under section 1225(b)(1)(B)(ii). (*See id.* 4–11).

Petitioner acknowledges he was placed in expedited removal proceedings on June 17, 2025 (*see* Reply 2) but insists he was then placed in standard removal proceedings on July 19, 2025, once the Government determined he had a credible fear of persecution in his home country (*id.* 2–4). In support of his contention, Petitioner points to a July 19, 2025 Notice to Appear ("NTA") which appears to suggest his expedited removal proceedings were vacated. (*See id* 4–5; *see also*

CASE NO. 26-21533-CIV-ALTONAGA

Resp., Ex. H, July 19, 2025 NTA [ECF No. 8-8] 1 ("Section 235(b)(1) order was vacated pursuant to: 8CFR 208.30").  Whether or not Petitioner remains in expedited removal appears to be the central question in this case.

Accordingly, it is

**ORDERED** that on or before **April 24, 2026**, the parties shall submit supplemental memoranda of law addressing whether or not — in light of the July 19, 2025 NTA — Petitioner is still in expedited removal proceedings under section 1225(b)(1).  If he is no longer in expedited removal proceedings, Respondents shall address why the Petition should therefore not be granted.

**DONE AND ORDERED** in Miami, Florida, this 17th day of April, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2